Steven T. Graham (#105710)
sgraham@swlaw.com
William S. O'Hare (#082562)
wohare@swlaw.com
Elizabeth M. Weldon (#223452)
eweldon@swlaw.com
Jing (Jenny) Hua (#294984)
jhua@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, California 92626-7689
Telephone:  714.427.7000
Facsimile:   714.427.7799

Attorneys for Defendants LLR, Inc. (on behalf
of itself and as survivor by merger with
LuLaRoe, LLC), LuLaRoe, LLC (now merged
into LLR, Inc.), Lennon Leasing, LLC, Mark
Stidham and DeAnne Brady

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA PONKEY, individually and on behalf of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>LLR, INC., a Wyoming corporation; LULAROE, LLC, a California limited liability company; LENNON LEASING, LLC, a Wyoming limited liability company; MARK A. STIDHAM, an individual; DEANNE S. BRADY a/k/a DEANNE STIDHAM, an individual; and DOES 1-30, inclusive,<br><br>Defendants. | Case No. 5:21-cv-00518-AB-SHK<br>Hon. André Birotte Jr.<br>Mag. Shashi H. Kewalramani<br><br>**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:      October 6, 2023<br>Time:     10:00 a.m.<br>Ctrm.:    7B<br><br>Date Action Filed:   March 24, 2021 |

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 6, 2023, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 7B of the above-entitled court, located at 350 West First Street, Los Angeles, California 90012, Defendants LuLaRoe, LLC (now merged into LLR, Inc.), LLR, Inc. (on behalf of itself and as survivor by merger with LuLaRoe, LLC), Lennon Leasing, LLC, Mark Stidham, and DeAnne Brady (collectively referred to as "Defendants"; and LuLaRoe, LLC and LLR, Inc. collectively referred to as "LLR"), will, and hereby do, move the court for an order for judgment on the pleadings as to: (1) the first claim for violation of the Endless Chain Scheme under Cal. Penal Code section 327 and Civ. Code section 1689.2 ("ECL"); (2) the second, sixth, and ninth claims for Unfair and Deceptive Practices under Cal. Bus. & Prof. Code sections 17200, et seq. ("UCL"); (3) the third, seventh, and tenth claims for False Advertising under Cal. Bus. & Prof. Code sections 17500, et seq. ("FAL"); (5) the fifth claim for violation of the California Seller Assisted Marketing Plan Act under Cal. Civ. Code sections 1812.200, et seq. ("SAMP"); (6) the fourth, eighth, and eleventh claims for violation of the California Corporations Code; and (7) twelfth, thirteenth, and fourteenth claims for violation of the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. section 1961(a), (c), and (d) ("RICO"). In granting Defendants' motion, the court should dismiss the complaint without leave to amend.

Defendants make this motion under Federal Rule of Civil Procedure 12(c) on the grounds that:

(1) each of Plaintiff Jessica Ponkey's claims are time-barred by the parties' contractual one-year limitations provision because each of her claims accrued, at latest, by December 2018;

(2) in the alternative,

    a. Ponkey's claims under the ECL and SAMP Act, which are

DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. 5:21-CV-00518-AB-SHK

1    governed by 3-year statutes of limitations, are time barred because

2    her claims accrued, at latest, by March 2017;

3        b.  Ponkey's claims under the California Corporations Code are time

4            barred under Corp. Code section 25506 because Ponkey discovered

5            the facts constituting the alleged violations at latest, by March 2017

6            as to the fourth and eighth claims, and at latest, by December 2017

7            as to the eleventh claim; and

8        c.  this court lacks equitable jurisdiction over Ponkey's equitable

9            claims under the UCL and FAL because she has an adequate

10           remedy at law.

11       This motion is made following the conference of counsel pursuant to Local

12   Rule 7-3, which took place on August 24, 2023.

13       This motion is based on this Notice of Motion and Motion, the attached

14   Memorandum of Points and Authorities, the concurrently filed Request for Judicial

15   Notice ("RFJN"), the pleadings and papers on file in this action, and on such other

16   and further argument and evidence as the court may properly receive.

17

18   Dated:  September 1, 2023             SNELL & WILMER L.L.P.

19

20                                        By: _/s/ Jing (Jenny) Hua_____

21                                            Steven T. Graham
                                             William S. O'Hare
22                                           Elizabeth M. Weldon
                                             Jing (Jenny) Hua
23                                        Attorneys for Defendants LLR, Inc. (on
                                          behalf of itself and as survivor by
24                                        merger with LuLaRoe, LLC),
                                          LuLaRoe, LLC (now merged into LLR,
25                                        Inc.), Lennon Leasing, LLC, Mark
                                          Stidham and DeAnne Brady
26

27

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. 5:21-CV-00518-AB-SHK

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................ 1

II.  BACKGROUND FACTS ..................................................................... 2

III. PROCEDURAL HISTORY .................................................................. 2

    A.   The related *Lemberg* Action was ordered to arbitration ..................... 2

    B.   The related *Sperring* Action was ordered to arbitration, rejecting Plaintiffs' argument the one-year limitations provision is unconscionable ......................................................................................... 3

    C.   In this action, the Court again rejected Plaintiff's argument that the one-year limitations provision is unconscionable .......................... 4

    D.   In arbitration, Ponkey agrees her claims are time-barred if the one-year limitations is enforceable ........................................................ 4

    E.   The Ninth Circuit holds the arbitration provision to be unenforceable, but does not address the enforceability of the one-year limitations provision .............................................................. 5

IV.  PLAINTIFF'S COMPLAINT ............................................................... 5

    A.   Ponkey placed her first order from LLR in March 2017, by which time she has the Retailer Agreement, LLR Policies and Procedures, and LLR Leadership Bonus Plan ....................................... 5

    B.   In September 2017, LLR allegedly announced "it would no longer honor the 100% refund policy" ................................................. 6

    C.   Ponkey made her last purchase from LLR in December 2018 ............ 7

V.   LEGAL DISCUSSION ........................................................................ 7

    A.   Motion for judgment on the pleadings ................................................ 7

    B.   Each of Ponkey's claims are barred by the one-year contractual limitations period ................................................................................. 8

        1.   This court previously ruled that the contractual one-year limitations provision is enforceable ............................................. 8

        2.   This court was correct in ruling the one-year contractual statute of limitations is valid ...................................................... 9

        3.   Each of Ponkey's claims are barred by the one-year contractual limitations provision ............................................ 11

    C.   In the alternative, Ponkey's claims for violations of California's Endless Chain Law, Seller Assisted Marketing Plan, and Corporations Code are barred by their respective statutes of limitations ........................................................................................... 12

        1.   Endless Chain Law ............................................................... 13

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

2.    Seller Assisted Marketing Plan Act ........................... 14

3.    Corporations Code .................................................. 15

D.    The Lemberg Action does not entitle Ponkey to toll the
limitations periods on Ponkey's claims ............................... 17

1.    *American Pipe* tolling does not apply to Ponkey's
Corporations Code or RICO claims because the *Lemberg*
Plaintiffs did not raise such claims ........................... 17

2.    Tolling of Ponkey's state law claims is governed by
California law ......................................................... 18

3.    California Law does not provide for *American Pipe* type
tolling unless both actions were brought in state court .......... 18

4.    Ponkey is not entitled to equitable tolling because she is
not a California resident ......................................... 20

E.    This court lacks equitable jurisdiction to adjudicate Ponkey's
claims under California's UCL and FAL ........................... 21

VI.    CONCLUSION ........................................................... 22

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*3550 Stevens Creek Assocs. v. Barclays Bank*,
   915 F.2d 1355 (9th Cir. 1990) ................................................................ 7, 8

*Albano v. Shea Homes Ltd. P'ship*,
   634 F.3d 524 (9th Cir. 2011) ...................................................................... 18

*Cafasso v. General Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011) ...................................................................... 7

*Cai v. CMB Exp. LLC*,
   No. CV2202025MWFJPRX, 2022 WL 17080172 (C.D. Cal. Oct. 4,
   2022) ......................................................................................................... 17

*Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin.
   Corp.*,
   878 F. Supp. 2d 1009 (C.D. Cal. 2011) ................................................ 18, 19

*Chardon v. Fumero Soto*,
   462 U.S. 650 ............................................................................................... 18

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008) ............................................................... 18, 19

*Coto Settlement v. Eisenberg*,
   593 F.3d 1031 (9th Cir. 2010) ...................................................................... 8

*Deveny v. Entropin, Inc.*,
   139 Cal. App. 4th 408 (2006) ...................................................................... 15

*E–Fab, Inc. v. Accountants, Inc. Services*,
   153 Cal. App. 4th 1308 (2007) .................................................................... 13

*Guzman v. Polaris Indus. Inc.*,
   49 F.4th 1308 (9th Cir. 2022) ................................................................ 21, 22

*Hal Roach Studios, Inc. v. Richard Feiner and Co.*,
   896 F.2d 1542 (9th Cir. 1989) ...................................................................... 8

*Hambrecht & Quist Venture Partners v. American Medical Internat.,
   Inc.*,
   38 Cal.App.4th 1532 (1995) ........................................................................ 10

*Han v. Mobil Oil Corp.*,
   73 F.3d 872 (9th Cir.1995) ................................................................. 8, 9, 10

*Hatfield v. Halifax PLC*,
   564 F.3d 1177 (9th Cir. 2009) ......................................................... 19, 20, 21

*Hemenway v. Peabody Coal Co.*,
   159 F.3d 255 (7th Cir. 1998) ...................................................................... 20

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
   No. C 07-5944 SC, 2014 WL 1466833 (N.D. Cal. Mar. 13, 2014) .................. 20

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

*In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Lit.*,
   No. CV1706656ABFFMX, 2019 WL 6998668 (C.D. Cal. Sept. 5,
   2019) (Birotte, J.)................................................................................... 19

*In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab.
   Litig.*,
   No. CV1801893ABFFMX, 2021 WL 1220948 (C.D. Cal. Mar. 29,
   2021) ................................................................................................... 17

*In re Outlaw Lab'y, LLP*,
   463 F. Supp. 3d 1068 (S.D. Cal. 2020) ............................................ 21

*Jolly v. Eli Lilly & Co.*,
   44 Cal. 3d 1103 (1988).................................................................... 13

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal.4th 1134 (2003).................................................................... 21

*Lemberg v. LuLaRoe, LLC*,
   No. EDCV1702102ABSHKX, 2018 WL 6927844 (C.D. Cal.
   Apr. 17, 2018)...........................................................................*passim*

*Lynch v. Matterport, Inc.*,
   No. C 22-03704 WHA, 2023 WL 1420723 (N.D. Cal. Jan. 31,
   2023) ........................................................................... 14, 15, 16

*Lyon v. Chase Bank USA, N.A.*,
   656 F.3d 877 (9th Cir. 2011) ............................................................. 8

*MFS Intern., Inc. v. International Telcom Ltd.*,
   50 F.Supp.2d 517 (E.D. Va. 1999) ................................................... 10

*Moreno v. Sanchez*,
   106 Cal.App.4th 1415 (2003)........................................................... 10

*Nationwide Biweekly Admin., Inc. v. Superior Court of Alameda Cty.*,
   9 Cal.5th 279 (2020)........................................................................ 21

*Ord. of United Com. Travelers of Am. v. Wolfe*,
   331 U.S. 586 (1947) ......................................................................... 10

*Perez v. Safety-Kleen Sys., Inc.*,
   No. C05-5338PJH, 2007 WL 1848037 (N.D. Cal. June 27, 2007)...................... 8

*Ponkey v. LLR, Inc.*,
   No. 22-55532, 2023 WL 4863296 (9th Cir. July 31, 2023)............................. 5, 9

*Renati v. Wal-Mart Stores, Inc.*,
   No. 19-CV-02525-CRB, 2019 WL 5536206 (N.D. Cal. Oct. 25,
   2019) ................................................................................................... 20

*Sargent v. Southern California Edison 401(k) Savings Plan*,
   2020 WL 6060411 (S.D. Cal., 2020) ................................................ 10

*Soltani v. W. & S. Life Ins. Co.*,
   258 F.3d 1038 (9th Cir. 2001) ............................................... 8, 10, 11

SNELL & WILMER
——
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. 5:21-CV-00518-AB-SHK

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020)......................................................................21

*Sperring v. LLR, Inc.*,
   995 F.3d 680 (9th Cir. 2021) .......................................................................3

*Sperring v. LLR, Inc.*,
   No. 21-56138, 2022 WL 3136947 (9th Cir. Aug. 5, 2022).......................3, 4, 11

*Sperring v. LLR, Inc.*,
   No. 5:19-CV-00433-AB-SHK, 2019 WL 13240893 (C.D. Cal. July
   23, 2019)..................................................................................*passim*

*Tompkins v. 23andMe, Inc.*,
   840 F.3d 1016 (9th Cir. 2016).................................................................9, 11

*Traynor v. Lexington Ins. Co.*,
   2011 WL 809362 (9th Cir.) .........................................................................10

*United States v. Elias*,
   921 F.2d 870 (9th Cir. 1990)....................................................................21, 22

*United States v. Real Prop. Located at 9832 Richeon Ave., Downey,
   CA.*,
   234 F. Supp. 2d 1136 (C.D. Cal. 2002).........................................................8

*Veliz v. Cintas Corp.*,
   No. C03-1180 SBA, 2007 WL 841776 (N.D. Cal. Mar. 20, 2007) .................20

*Walker v. Armco Steel Corp.*,
   446 U.S. 740 (1980) ....................................................................................18

*Williams v. Boeing Co.*,
   517 F.3d 1120 (9th Cir. 2008)................................................................17, 18

*Wu v. Sunrider Corp.*,
   No. 17-4825 DSF (SSX), 2018 WL 6266577 (C.D. Cal. May 22,
   2018), aff'd, 793 F. App'x 507 (9th Cir. 2019) .........................................13, 14

*Wu v. Sunrider Corporation*,
   793 Fed.Appx. 507 (9th Cir. 2019) ..............................................................13

*Yumul v. Smart Balance, Inc.*,
   733 F. Supp. 2d 1134 (C.D. Cal. 2010)....................................................12, 13

## Statutes

Cal. Bus. & Prof. Code §17200 ..............................................................1, 2, 5
Cal. Bus. & Prof. Code §17500 ..............................................................1, 2, 5
Cal. Civ. Code § 1689.2..............................................................................22
Cal. Civ. Code § 1812.218 ..........................................................................22
Cal. Civ. Code §§ 1812.203-06 ...................................................................14
Cal. Code Civ Proc. § 338(a) ..................................................................13, 14
Cal. Corp. Code § 25401 .............................................................................15
Cal. Corp. Code § 25501 .............................................................................22

DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. 5:21-CV-00518-AB-SHK

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Cal. Corp. Code § 25506 ....................................................................................15
Cal. U. Com. Code § 2725(1) ....................................................................10, 11

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ...........................................................7

SNELL & WILMER
———— L.L.P. ————
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. 5:21-CV-00518-AB-SHK

1  **Memorandum of Points and Authorities**

2  **I.    INTRODUCTION**

3      This is a putative class action brought by an individual retailer against LLR,

4  Inc., a seller of LuLaRoe-branded apparel, related companies LuLaRoe, LLC and

5  Lennon Leasing, LLC, and their founders Mark Stidham and DeAnne Brady

6  (Stidham). The essence of Plaintiff's claims is that Defendants operated an

7  unlawful pyramid scheme and made misrepresentations in violation of RICO, and

8  California's Seller Assisted Marketing Plan Act ("SAMP" Act), Unfair

9  Competition Law ("UCL"), False Advertising Law ("FAL"), and securities law.

10      Plaintiff filed this action four years after she became a retailer in March

11  2017, and over two years after she made her final purchase from LuLaRoe in

12  December 2018. The parties' contract contains a one-year limitation for Plaintiff to

13  bring her claims. Plaintiff previously conceded her claims would be time barred

14  under that one-year limitation. This court and an arbitrator have thrice ruled that

15  provision is valid. That conclusion was correct then and is now.

16      The statutes of limitations for most of Plaintiff's claims would be barred even

17  in the absence of the one-year limitations. Plaintiff's claims that are based on the

18  structure established under the parties' contract and the functioning of Defendants'

19  business model all accrued at the start of her relationship with LuLaRoe in March

20  2017.

21      Plaintiff failed to allege any factual basis for delayed discovery of the facts

22  supporting her claims and instead affirmatively alleged facts that must have been

23  apparent when she became a Retailer in March 2017, or at the latest, soon after.

24  Indeed, at least six putative class actions alleging similar facts to Plaintiff's

25  allegations were filed in this court between October 13 and November, 30, 2017.

26  As we explain in the argument that follows, Plaintiff is also not entitled to the

27  benefit of tolling based on those other actions.

28      Additionally, Plaintiff's claims under California's Business and Professions

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. 5:21-CV-00518-AB-SHK

Code sections 17200 *et seq.* (UCL) and 17500 *et seq.* (FAL) should be dismissed because Plaintiff has adequate legal remedies. This court lacks equitable jurisdiction to hear these equitable claims.

## II.   **BACKGROUND FACTS**

LLR, Inc. sells apparel through a network of independent consultants or retailers ("Retailers") who resell these items to third-party customers. [Comp. ¶¶ 29, 210(d).] LuLaRoe, LLC oversaw "the marketing of the sales of LuLaRoe products to Consultants," and Lennon Leasing, LLC owns the LuLaRoe mark. [*Id.* ¶ 210(c), (e).]

Mark A. Stidham and DeAnne Brady are co-founders of the LuLaRoe-branded business. [Comp., ¶¶ 17-18.] For the relevant period, Stidham and Brady served as officers and directors of LLR, Inc., LuLaRoe, LLC, and Lennon Leasing, LLC. [*Id.*]

Plaintiff Jessica Ponkey is a Michigan resident who alleges she became "a LuLaRoe Consultant in or around March 2017 and made her final purchase in December 2018." [Comp., ¶ 12.]

## III.   **PROCEDURAL HISTORY**

### A.   **The related Lemberg Action was ordered to arbitration**

This is one of several related actions brought by LLR's former Retailers in federal court. In the *Lemberg* Action, the first of the related cases, this court granted defendants' motion to compel arbitration on April 17, 2018. *Lemberg v. LuLaRoe, LLC*, No. EDCV1702102ABSHKX, 2018 WL 6927844, at *1 (C.D. Cal. Apr. 17, 2018). On March 28, 2019, this court confirmed an arbitration award, which determined the plaintiffs in the *Lemberg* Action were required to *individually* arbitrate their claims. [RFJN, Ex. 4.]

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

**B.**    **The related _Sperring_ Action was ordered to arbitration, rejecting
Plaintiffs' argument the one-year limitations provision is
unconscionable**

The _Sperring_ Action—which is virtually identical to this action—was
brought in March 2019. The two actions are filed by the same attorneys, name the
same defendants, allege the same facts, raise the same claims, and seek the same
remedies. [_Id_., Exs. 5, 6.]

In July 2019, this court granted the _Sperring_ defendants' motion to compel
arbitration. _Sperring v. LLR, Inc._, No. 5:19-CV-00433-AB-SHK, 2019 WL
13240893, at *1 (C.D. Cal. July 23, 2019). In opposing this motion, the _Sperring_
plaintiffs argued the statutory limitations period rendered the arbitration provision
unconscionable "because it vastly restricts the Consultants' statutory rights"
because the statutes governing their claims provided "significantly longer periods
of time" than one year. [RFJN, Ex. 7 at 307.] This court concluded the one-year
limitation was not unconscionable given the "well-settled" law that parties may
stipulate to a shorter limitations period provided that stipulation does not violate
public policy or is not overly unreasonable. _Sperring_, 2019 WL 13240893, at *8.

This court then granted the _Sperring_ plaintiffs' request for voluntary
dismissal of their action. _Sperring v. LLR, Inc._, 995 F.3d 680, 682 (9th Cir. 2021).
The Ninth Circuit dismissed the subsequent appeal in April 2021, holding plaintiffs
could not manufacture an appealable order by voluntarily dismissing their action.
_Id._ at 681-82. In opposition to the dismissal of her appeal, Sperring argued this
court's ruling that the one-year contractual limitation is valid "effectively renders
[the _Sperring_ plaintiffs'] claims time-barred" since they were filed more than a year
after they became Retailers. [RFJN, Ex. 12 at 418.]

The _Sperring_ defendants then moved for relief from dismissal, which this
court denied. The Ninth Circuit again affirmed, ending the _Sperring_ Action.
_Sperring v. LLR, Inc._, No. 21-56138, 2022 WL 3136947, at *1 (9th Cir. Aug. 5,

DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. 5:21-CV-00518-AB-SHK

2022).

### C. In this action, the Court again rejected Plaintiff's argument that the one-year limitations provision is unconscionable

On March 24, 2021, two months after the Ninth Circuit invited the parties to brief the effect of a case that proved fatal to the *Sperring* Action, Ponkey initiated the instant action. [Dkt. 1; RFJN, Ex. 11.] In her opposition to LLR's motion to compel arbitration, Ponkey again argued the statute of limitations provision was unconscionable. [Dkt. 22 at 9-11.] This time, Ponkey argued the provision was unconscionable because it: (1) required her to waive the benefit of the discovery rule by allowing the one-year period to run from the date of the "alleged conduct" rather than discovery of that conduct; and (2) the reduction to one-year of limitations periods that would otherwise be up to four years was "unconscionable." [*Id*.] This court again rejected these arguments, reasoning that "California courts generally interpret contractual statute of limitations as incorporating California's discovery rule, in order to avoid unfair or unreasonable applications of the limitations period." [Dkt. 27 at 14.] The court found Ponkey failed to meet "her burden of showing that the one-year statute of limitation is unreasonably one-sided," and ordered the parties to arbitration. [*Id*. at 14, 20.]

### D. In arbitration, Ponkey agrees her claims are time-barred if the one-year limitations is enforceable

As the arbitrator noted in his award, "The parties agree[d] that if the Arbitrator makes the determination that the contractual one-year limitation is valid and enforceable on its face, Claimant's claims were brought beyond that time and are barred." [Dkt. 34-1, Ex. 4 at 83.] The arbitrator then "concluded that the contractual limitation provision is valid and enforceable." [*Id*. at 83-84.]

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS CASE NO. 5:21-CV-00518-AB-SHK

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1
2
3

**E.**     **The Ninth Circuit holds the arbitration provision to be unenforceable, but does not address the enforceability of the one-year limitations provision**

4
5
6
7
8
9
10

Following this court's confirmation of the arbitration award, Ponkey appealed from this court's order compelling arbitration. [Dkt. 36; *Ponkey v. LLR, Inc.*, No. 22-55532, 2023 WL 4863296, at *1 (9th Cir. July 31, 2023).] The Ninth Circuit reversed, finding the parties' arbitration agreement to be unenforceable under California's law on unconscionability. *Id.*, at *2. But the Ninth Circuit explicitly stated it did not address whether the one-year contractual limitations provision was unconscionable. *Id.*, at *1., n. 2.

11

**IV.**     **PLAINTIFF'S COMPLAINT**

12
13
14
15
16
17
18
19
20

Plaintiff asserts claims under Business & Professions Code sections 17200 and 17500, et seq., the Endless Chain Scheme laws, the Seller Assisted Marketing Plan Act, security laws under California's Corporations Code, and RICO, alleging that Defendants violated promises to buy back Plaintiff's inventory, made misrepresentations, and are operating a pyramid scheme. [Dkt. 1 ("Comp.").] Ponkey's central complaint is that despite the LLR's marketing, "[i]n reality, LuLaRoe's pyramid scheme business model and compensation plan, and its corresponding marketing activities dictated that during any particular time, a majority of [Retailers], including Plaintiff, lost money." [*Id.* at ¶ 81.]

21
22
23

**A.**     **Ponkey placed her first order from LLR in March 2017, by which time she has the Retailer Agreement, LLR Policies and Procedures, and LLR Leadership Bonus Plan**

24
25
26
27
28

Plaintiff Jessica Ponkey is a Michigan resident who became a Retailer "in or around March 2017." [Comp., ¶ 12.] To become a Retailer, Ponkey executed a LuLaRoe Independent Consultant Program Application and Agreement ("Retailer Agreement") on February 7, 2017. [RFJN, Ex. 1.] That Retailer Agreement explicitly incorporates and attaches LLR, Inc.'s Policies and Procedures and

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Leadership Bonus Plan. [*Id.* at 8 (§ 8).][1]

Once Ponkey signed up for LuLaRoe, Ponkey was eligible to participate in LuLaRoe's Leadership Bonus program. [Comp., ¶ 31.] Ponkey alleges "LuLaRoe's Leadership Bonus Plan gave Consultants a right to receive compensation entirely based on the recruitment of other persons as participants in the LuLaRoe MLM" because the bonus structure was based on "the dollar amount of wholesale orders paid for, instead of on bona-fide retail sales to end-consumers." [*Id.*, ¶¶ 31-32, 37.] The requirements for and the bonuses available at each of the four available tiers alleged by Ponkey are explicitly stated in the Leadership Bonus Plan. [Comp., ¶ 34, RFJN, Ex. 1 at 14-28.] Thus, Ponkey had knowledge of LLR's "compensation structure," by February 7, 2017. [Comp., ¶¶ 12, 31-34.]

Without stating when she heard such representations, Ponkey alleges LLR "made material misrepresentations and omissions, including, but not limited to, representing that as long as Retailers 'buy more,' they will 'sell more' LuLaRoe products, representing LuLaRoe will honor a full 100% return policy (with free shipping and handling), and omitting that the quality of LuLaRoe product was declining and the market was saturated, all while providing misleading income statements and retailer maps." [Comp., ¶¶ 7, 85.] Specifically, Ponkey alleges that the "quality of LuLaRoe's merchandise" declined in "early 2017," with Retailers "receiving mis-sized merchandise or low quality merchandise, such as leggings with mismatched pant leg lengths or merchandise that quickly developed holes." [*Id.* at ¶ 78.] Ponkey also alleges LLR "provided items that were improperly stored outside and were unsaleable when received." [*Id.* at ¶ 79.]

**B.    In September 2017, LLR allegedly announced "it would no longer honor the 100% refund policy"**

LLR's Policies and Procedures allows Retailers to receive "90% of the net

---

[1]    These incorporated documents were front and center in LLR's motion to compel arbitration, and Ponkey has never contested that she received them when she became an LLR Retailer. [Dkts. 17, 21.]

SNELL & WILMER

L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

cost of the original purchase price(s)" upon "cancellation." [Comp., ¶ 64.] Ponkey alleges that despite this policy, "LuLaRoe implemented a very complex process for initiating a refund, which it did not clearly disclose to [Retailers]." [*Id*. at ¶ 65.] Ponkey alleges that on April 25, 2017, "LuLaRoe announced it would be changing its 90% policy to 100%, and committed to paying for return shipping. LuLaRoe made representations that the revised 100% policy would not go away." [*Id*. at ¶ 67.] On September 13, 2017, however, LLR allegedly announced "that it would no longer honor the 100% refund policy," which Ponkey alleges induced her to purchase more product. [*Id*. at ¶¶ 68, 70.]

### C.    Ponkey made her last purchase from LLR in December 2018

Ponkey made her last purchase from LLR in December 2018. [Comp., ¶ 12.] Ponkey alleges that after LLR announced it would not be providing a 100% refund, "Word spread quickly" that Retailers who left LLR experienced the "delay or non-payment of refunds," which convinced Ponkey to mitigate her losses in other ways rather than send apparel to LLR for a refund. [*Id*. at ¶¶ 72-73.]

Meanwhile, on October 13, 2017, the same essential facts that are alleged by Ponkey were asserted in the *Lemberg* putative class action complaint, followed by similar complaints filed by over a dozen other plaintiffs in October and November of 2017. [RFJN, Exs. 13-17.] Those actions were ultimately joined together with the *Lemberg* action. [RFJN, Ex. 3.]

## V.    **LEGAL DISCUSSION**

### A.    Motion for judgment on the pleadings

A motion for judgment on the pleadings is functionally identical to a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6); the same legal standard applies. *See Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n. 4 (9th Cir. 2011). Judgment on the pleadings is appropriate "when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." *3550 Stevens Creek Assocs. v. Barclays Bank*, 915 F.2d 1355, 1357 (9th

Cir. 1990). In considering the motion, the court reviews the pleadings, and allegations of the non-moving party must be accepted as true. *See Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989); *see also Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 882 (9th Cir. 2011). However, the court "need not automatically accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *United States v. Real Prop. Located at 9832 Richeon Ave., Downey, CA.*, 234 F. Supp. 2d 1136 (C.D. Cal. 2002). The court may also consider "materials incorporated into the complaint or matters of public record." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). The Ninth Circuit has "extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in the complaint, the document's authenticity is not in question, and there are no disputed issues as to the document's relevance." *Id*. (citations omitted).

### B. <u>Each of Ponkey's claims are barred by the one-year contractual limitations period</u>

The Retailer Agreement provides an action "must be brought within one year . . . or the shortest time permissible under state law." [RFJN, Ex. 1 at 13 (¶ 33).] That limitation is enforceable. *Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038, 1044 (9th Cir. 2001); *Han v. Mobil Oil Corp.*, 73 F.3d 872, 877 (9th Cir.1995); *Perez v. Safety-Kleen Sys., Inc.*, No. C05-5338PJH, 2007 WL 1848037, at 4-5, 8 (N.D. Cal. June 27, 2007) (six-months for statutory claims).

#### 1. **This court previously ruled that the contractual one-year limitations provision is enforceable**

This court has determined on two separate occasions that the one-year

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS CASE NO. 5:21-CV-00518-AB-SHK

contractual limitation is valid.[2] The court has thus already addressed and rejected the underpinnings of Ponkey's argument. In its order compelling arbitration, this court found the "Retailer Agreement's one-year statute of limitations period," was not "so one-sided as to shock the conscience." [Dkt. 27 at 13.] In support, the court cited Ninth Circuit precedent that "[a] contractual limitation period requiring a plaintiff to commence an action within 12 months following the event giving rise to a claim is a reasonable limitation which generally manifests no undue advantage and no unfairness." [*Id.*, citing *Han v*, 73 F.3d at 877.] In response to Ponkey's argument that the one-year limitation provision was unconscionable because it "requires Plaintiff to waive the benefit of the discovery rule," the court noted that "California courts generally interpret contractual statutes of limitations as incorporating California discovery rule." [*Id.* at 14, citing *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1032 (9th Cir. 2016).]

Although the Ninth Circuit reversed this court's order compelling the parties to arbitrate their claims, it explicitly declined to address Ponkey's argument that the one-sided statute of limitations period was unconscionable. *Ponkey v. LLR, Inc.*, No. 22-55532, 2023 WL 4863296, at *1, n. 2 (9th Cir. July 31, 2023).

### 2.    This court was correct in ruling the one-year contractual statute of limitations is valid

"It is a well-settled proposition of law that the parties to a contract may stipulate therein for a period of limitation, shorter than that fixed by the statute of limitations, and that such stipulation violates no principle of public policy, provided

---

[2]    In *Sperring*, plaintiffs' counsel (the same ones here) argued Judge Birotte's ruling that the "contractual one-year statute of limitation was not unconscionable nor unreasonable" was a "case-dispositive finding" that would be binding in arbitration, and "effectively renders [plaintiffs'] claims time-barred because those plaintiffs became retailers *more than one year prior to the date the complaint was filed*." [RFJN, Ex. 12 at 418 (emphasis in original); *see also* RFJN, Ex. 10 at 380 (acknowledging that district court's finding that one-year SOL not unconscionable "effectively render[ed] Appellants' claims time-barred").] The claims in *Sperring* are identical to the ones Ponkey alleges here in a complaint filed over two years after *Sperring*.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

the period fixed be not so unreasonable as to show imposition or undue advantage in some way." *Moreno v. Sanchez*, 106 Cal.App.4th 1415, 1430 (2003) (internal quotation marks omitted); *Ord. of United Com. Travelers of Am. v. Wolfe* ("*Wolfe*"), 331 U.S. 586, 608 (1947) (parties are free to limit the time for bringing an action "in the absence of a controlling statute to the contrary," provided the shorter period is reasonable). The Ninth Circuit has held "[a] contractual limitation period requiring a plaintiff to commence an action within 12 months following the event giving rise to a claim is a reasonable limitation which generally manifests no undue advantage and no unfairness." *Han*, 73 F.3d at 877 (enforcing unilateral, 12-month limitations period); *Traynor v. Lexington Ins. Co.*, 2011 WL 809362, at *1 (9th Cir.) (action was barred by contractual limitations period and finding "numerous California cases" that confirm 12 month limitations period is reasonable); *see also Soltani*, 258 F.3d at 1044 ("the weight of California law strongly indicates that the six-month limitation provision is not substantively unconscionable" despite that it applied unilaterally); *Sargent v. Southern California Edison 401(k) Savings Plan*, 2020 WL 6060411, at *6 (S.D. Cal., 2020) (upholding 180 day contractual limitations period for federal ERISA claim as "reasonable").

Thus, "except as restricted by statute," both California and federal law allow contracting parties "substantial freedom to modify the length of the statute of limitations." *Hambrecht & Quist Venture Partners v. American Medical Internat., Inc.*, 38 Cal.App.4th 1532, 1548 (1995) (citing cases where the four-year statute of limitations for breach of contract shortened respectively to 3 months, 6 months, and a year); *Wolfe*, 331 U.S. at 608; *see also MFS Intern., Inc. v. International Telcom Ltd.*, 50 F.Supp.2d 517, 522 (E.D. Va. 1999) (an express statute of limitations does not limit the parties' right to contract to a shorter limitations period).

For example, the California Commercial Code provides that parties to a sales contract governed by the Uniform Commercial Code cannot shorten the four-year statute of limitations for breach of contract to less than a year. Cal. U. Com. Code

SNELL & WILMER
L.A.W. OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

§ 2725(1). There is no such limitation within the statutes at issue. The Ninth Circuit has even upheld a one-sided six-month contractual limitations provision in a case involving the UCL, which is otherwise governed by a four-year statute of limitations. *Soltani*, 258 F.3d at 1040; *see also Tompkins,* 840 F.3d at 1021, 1032-33 (finding one-year statute of limitations did make arbitration provision unconscionable where plaintiff alleged unfair business practices).

The parties' one-year contractual limitations provision is well-within the range of what courts have found to be reasonable, and thus enforceable.

### 3.      Each of Ponkey's claims are barred by the one-year contractual limitations provision

As the parties recognized in arbitration (and her counsel in the *Sperring* appeal), if the one-year contractual limitations provision is enforceable, then each of Ponkey's claims are time-barred. [Dkt. 34-1, Ex. 4 at 83; RFJN, Ex. 10 at 380, Ex. 12 at 418.] That remains true. Ponkey filed her complaint on March 24, 2021. [Dkt. 1.] Each of Ponkey's claims certainly accrued well before December 2018, when Ponkey made her last purchase from LLR. [*Id*. at ¶ 12.] By then she had the benefit of her almost-two-year run with LLR, during which she would have determined whether LLR's representations or omissions—as to product quality and selection, saturation of the market, and income—were true. [*Id*. at ¶¶ 68, 85.] To the extent Ponkey was motivated to purchase from LLR based on its alleged representations of "Buy more, sell more," or that LLR offered "full-time income for part-time work," Ponkey no longer believed those statements by December 2018.[3] [*Id*. at ¶¶ 47, 51.] Likewise, to the extent Ponkey alleges LLR engaged in practices

---

[3]      Notably, many of the misstatements alleged by Ponkey were made before she became a Retailer, and Ponkey does not allege she actually heard or relied on those specific statements. [*See, e.g.*, ¶ 35 (2017 statements at "Leadership Conference" showing amounts of monthly bonus checks); ¶ 51 (2015 statements related to "full-time income for part-time work"); ¶ 62 (alleged statements made by Brady in November 2016 "mentor call").]

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS CASE NO. 5:21-CV-00518-AB-SHK

that "encourage inventory loading," such as not permitting Retailers to "pick the pattern or size of apparel," and "marketing limited edition 'unicorn' pieces to create a 'frenzy,'" that would likewise have been known by Ponkey well before the time she placed her last order with LLR. [*Id*. at ¶ 60.][4] Ponkey also claims LLR's quality declined in "early 2017." [*Id*. at ¶¶ 78-79.] As for LLR's announcement that Retailers would receive a 100% refund plus shipping costs for any LLR merchandise returned by its Retailers to "induce more purchases of LuLaRoe product," she alleges LLR announced on September 13, 2017 "it would no longer honor the 100% refund policy." [*Id*. at ¶¶ 67, 68.] Thus, Ponkey's last day to timely bring an action within the one-year contractual limitations period was before, or at latest, December 2019.

As further explained below, to the extent Ponkey's claims are based on LLR's alleged failure to comply with SAMP or the structure of LLR's bonus plan, those claims accrued by the time Ponkey placed her first order with LLR and needed to have been brought even earlier. *Infra*, §§ V.C.1 and V.C.2.

**C.**      **<u>In the alternative, Ponkey's claims for violations of California's Endless Chain Law, Seller Assisted Marketing Plan, and Corporations Code are barred by their respective statutes of limitations</u>**

As further explained below, Ponkey's claims for violation of California's Endless Chain Law, Seller Assisted Marketing Plan Act are time-barred by statute. To the extent Ponkey seeks to invoke the delayed discovery exception to toll the statute of limitations, she has failed to "specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery

---

[4]      And a few months after her last purchase from LLR, on March 8, 2019, her counsel in this case brought a materially identical action with the exact same claims on behalf of other former Retailers in the *Sperring* Action. [RFJN, Ex. 5.]

DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS
CASE NO. 5:21-CV-00518-AB-SHK

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

despite reasonable diligence." *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1134, 1141 (C.D. Cal. 2010); *see also E–Fab, Inc. v. Accountants, Inc. Services*, 153 Cal. App. 4th 1308, 1319 (2007) (burden is on the plaintiff to show diligence, and conclusory allegations will not withstand demurrer). Knowledge of the specific facts necessary to establish the claim is not required. *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1111 (1988). So long as plaintiff has "notice or information of circumstances to put a reasonable person *on inquiry*," the clock begins to tick, and plaintiff must take reasonable steps to investigate the matter and seek out the facts. *Id.* at 1110-11 (emphasis in original) (citations and quotations omitted). To meet the reasonable diligence requirement, Plaintiff must plead facts showing the "lack of means of obtaining the knowledge." *Yumul,* 733 F. Supp. 2d at 1141 (citation omitted). These rules apply equally in putative class actions. *Id.* (citation omitted). Ponkey has not even attempted to plead the requisite allegations to invoke delayed discovery and the allegations actually pled are inconsistent with the application of the delayed discovery exception.

Notably, at least six putative class actions were brought by Retailers between October 13 and November 30, 2017, thus confirming that the facts upon which Ponkey's claims are based were not only reasonably capable of discovery, but actually discovered. [RFJN, Exs. 13-17.]

### 1.    Endless Chain Law

Ponkey's claim under the ECL is governed by a 3-year statute of limitation. *Wu v. Sunrider Corporation*, 793 Fed.Appx. 507, 510 (9th Cir. 2019); Code. Civ. Proc. § 338(a). Her ECL claim is barred because it accrued by March 2017, and she did not bring the claim by March 2020. A claim for violation of the ECL accrues no later than when a plaintiff "paid consideration to be a participant in an endless chain scheme, and was not successful." *Wu v. Sunrider Corp.*, No. 17-4825 DSF (SSX), 2018 WL 6266577, at *4 (C.D. Cal. May 22, 2018), aff'd, 793 F. App'x 507 (9th Cir. 2019). The district court in *Wu* rejected plaintiff's argument that the limitations

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

period "restarts" when the participant makes an additional purchase to "give it a try
again." *Id*. at 4. It likewise rejected the argument that a claim accrues when a
plaintiff ceases to be a participant. *Id*. Where, as here, "[t]he gravamen of the
claims is that Defendants operated an endless chain scheme," Ponkey's ECL claim
is untimely because it accrued by March 2017, when she placed her first order with
LLR, at which time she was aware of LLR's compensation structure. [Comp., ¶ 12.]

### 2.    Seller Assisted Marketing Plan Act

As the court explained in *Lynch v. Matterport, Inc.*, "[t]he SAMP Act sets
out registration and disclosure requirements for sellers of assisted marketing plans
and business opportunities." No. C 22-03704 WHA, 2023 WL 1420723, at *4
(N.D. Cal. Jan. 31, 2023), citing Cal. Civ. Code §§ 1812.203-06. Ponkey's claim
under the SAMP Act is governed by a 3-year statute of limitation. *Lynch*, 2023 WL
1420723, at *4; Code Civ. Proc. § 338(a). Her SAMP claim is barred because it
accrued by March 2017, and she did not bring the claim by March 2020.

*Lynch v. Matterport, Inc.* is instructive. There, defendant Matterport Inc.
created a program to allow individuals who purchased its 3D cameras to start
businesses selling 3D scans. 2023 WL 1420723, at 1. Lynch, who joined the
program, brought a putative class action alleging Matterport misrepresented how
the program worked. *Id*. Lynch further alleged Matterport launched a new program
that competed against MSPs. *Id*. As a result, Lynch had "little to show for the time
and money he spent" to build his new business. *Id*. In finding Lynch's SAMP claim
time-barred, the court explained Lynch "knew or had reason to suspect" that
defendant "was not in compliance with the SAMP Act as early as he [joined] in
April 2018." *Id*. Lynch attempted to invoke the delayed discovery rule by alleging
Matterport "concealed its conduct so that Plaintiff and Class members would not
discover its SAMP Act violations." *Id*. The court rejected that attempt as
"specious," explaining it was unclear how concealment "would prevent Lynch from
discovering SAMP Act violations involving registration and disclosure with

minimal diligence." *Id*. at 4. "Thus, the discovery rule does not apply to plaintiff's putative class claim under the SAMP Act, and the clock began to run on April 25, 2018" when Lynch joined. *Id*. Because Lynch filed his complaint almost four years later, his putative class claim under the SAMP Act was time-barred.

Here, Ponkey alleges LLR violated the SAMP Act because LLR failed to: "(1) register with the California Attorney General's Office; (2) provide the significant disclosures to prospective Consultants as required by the California SAMP Act; and (3) provide the [Retailers] with the buyer-specific contractual rights required by the California SAMP Act." [Comp., ¶ 140.] But by March 2017, Ponkey knew or should have known whether LLR was registered with the California Attorney General's Office and what disclosures she had received from LLR. She also knew or should have known what contractual rights she was given under the Retailer Agreement, Policies and Procedures, and Leadership Bonus Plan, which she had by February 7, 2017. [RFJN, Ex. 1.] Ponkey's claim under the SAMP Act thus accrued at least by March 2017 when she placed her first order with LLR. Because Ponkey brought this action 4 years later, in March 2021, her SAMP claim is time-barred.

### 3.    Corporations Code

A plaintiff must bring a claim under the Corporations Code by the *earlier* of "five years after the act or transaction constituting the violation or the expiration of two years after the discovery by the plaintiff of the facts constituting the violation." Cal. Corp. Code § 25506. Inquiry notice, rather than actual knowledge, is sufficient to trigger the shorter limitations period. *Deveny v. Entropin, Inc.*, 139 Cal. App. 4th 408, 419 (2006). Ponkey's claims under Corporations Code section 25401 are thus time-barred if she knew or should have discovered the facts constituting the violations by September 26, 2018.

Ponkey's fourth, eighth, and eleventh claims for violation of the Corporations Code are premised on the allegation that the "clothing items" she purchased "were

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

securities," and that LLR made misrepresentations or omissions in selling those "clothing items." [Comp., ¶¶ 133-34, 179-80, 203-04.] Specifically, her fourth claim is based on LLR's alleged failure to explain that its business constituted "an illegal pyramid scheme" in violation of the ECL, and her eighth claim is based on LLR's alleged failure to explain that its business "was a seller assisted marketing plan that violated California law." [*Id.* at ¶¶ 134, 180.] Ponkey's eleventh claim is based on LLR's alleged misrepresentations that Retailers would "sell more" if they "buy more" and that LLR would honor a 100% return policy. [*Id.* at ¶ 204.] The eleventh claim is also based on LLR's alleged failure to provide a 2017 income statement and alleged omissions about the "how saturated the [Retailer] market" was, the quality of the products, and that "only a few popular items in each shipment." [*Id.*]

Notwithstanding the incorrect notion that clothing constitute securities, Ponkey knew or should have known the facts concerning the LLR business model that underpin her allegations that it constituted "an illegal pyramid scheme" by the time she executed the Retailer Agreement and received a copy of the Leadership Bonus Plan. Likewise, when Ponkey became a Retailer in March 2017, she knew or should have known the elements of LLR's contract and business model that she now alleges violate the SAMP Act's requirements. *See infra*, § V.C.2; *Lynch*, 2023 WL 1420723, at *4. As to the alleged misrepresentations and omissions, Ponkey discovered or should have discovered them shortly after she began operating her business as an LLR Retailer. For example, she pleads that LLR announced "it would no longer honor the 100% refund policy," on September 13, 2017. [Comp*., ¶ 68.] The quality and makeup of LLR's products would have been readily apparent once Ponkey began receiving orders from LLR in March 2017. [Comp., ¶ 12.] And the "saturation" of the market and Ponkey's ability to sell or make an income were certainly discovered or she should have discovered the facts constituting the violations shortly after she began selling in March 2017. [Comp., ¶ 12.] Even if

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

LLR's sale of clothing somehow violated the Corporations Code for whatever reason (which it did not), Ponkey knew or should have known the facts constituting the violations by the end of 2017, at which time she had been in business for almost year.[5] Ponkey's claims under the Corporations Code are therefore time-barred.

### D. The Lemberg Action does not entitle Ponkey to toll the limitations periods on Ponkey's claims

Ponkey may argue she is entitled to *American Pipe* tolling for some period during which the *Lemberg* Action was pending. She is not. The *Lemberg* Action was initiated on October 13, 2017, naming only LuLaRoe, LLC, and LLR, Inc. [RFJN, Ex. 2.] An amended complaint was filed on January 12, 2018 adding defendants Mark Stidham and DeAnne Brady. [RFJN, Ex. 3.] Neither version of the complaint named defendant Lennon Leasing; neither raised any claims under the California Corporations Code or RICO. [*Id*., Exs. 2-3.] For the reasons we explain below, the *Lemberg* Action does not entitle Ponkey to tolling on any of her claims.

### 1. *American Pipe* tolling does not apply to Ponkey's Corporations Code or RICO claims because the *Lemberg* Plaintiffs did not raise such claims

Citing the Ninth Circuit, this court has explained "[t]he tolling rule does not leave a plaintiff free to raise different or peripheral claims following denial of class status." *In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, No. CV1801893ABFFMX, 2021 WL 1220948, at *3 (C.D. Cal. Mar. 29, 2021) (cleaned up). Thus, claims for common law fraud and breach of the Song-Beverly Act were not tolled where the earlier suit pled no fraud claims and pled a warranty claim with different elements. *Id.*; *see also Williams v. Boeing Co.*, 517 F.3d 1120,

---

[5]      The California Judicial Council issued Emergency Rule 9 in May 2020, which tolled the statutes of limitations for certain claims from April 6, 2020 to October 1, 2020. *Cai v. CMB Exp. LLC*, No. CV2202025MWFJPRX, 2022 WL 17080172, at *6 (C.D. Cal. Oct. 4, 2022). This extends the limitations period on state law claims by 178 days to the extent the limitations period had not already run. *Id.* Ponkey does not get the benefit of this tolling on her eleventh claim because she should have discovered the facts underlying the claim by the end of 2017.

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS CASE NO. 5:21-CV-00518-AB-SHK

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1136 (9th Cir. 2008) (no tolling for compensation discrimination claim not plead in earlier complaints even though statute of limitations tolled for claims of promotion discrimination, hostile work environment, and retaliation).

Here, the initial complaint in the *Lemberg* Action was principally based on alleged misrepresentations about income expectations and refund policies. The complaint included only claims for violation of the UCL and FAL, unjust enrichment, breach of contract, breach of the covenant of good faith and fair dealing, and conversion. [RFJN, Ex. 2.] The amended complaint in *Lemberg* added claims for violation of the SAMP Act and ECL. [RFJN, Ex. 3.] Neither complaint brought or even referenced any claims under the California Corporations Code or RICO, which are clearly "different" than those raised in *Lemberg*. Thus, the *Lemberg* Action does not entitle Ponkey to any tolling for her RICO claim and claims under the Corporations Code.

### 2.    Tolling of Ponkey's state law claims is governed by California law

Federal courts addressing state law claims must apply state law on tolling. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 745–46, 752–53 (1980); *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011). The rule of *American Pipe* does not apply to state law claims, which are governed by state law statutes of limitation and state law tolling principles. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008). Thus, the issue of whether a state statute of limitations would be tolled by a federal class action is a question of state law. *Chardon v. Fumero Soto*, 462 U.S. 650, 661(1983).

### 3.    California Law does not provide for *American Pipe* type tolling unless both actions were brought in state court

"The California Court of Appeal has found *American Pipe* principles applicable *in some situations* to toll individual actions filed after denial of class certification if both suits were filed in state court . . . ." *Centaur Classic Convertible*

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

*Arbitrage Fund Ltd. v. Countrywide Fin. Corp.* ("*Centaur*"), 878 F. Supp. 2d 1009, 1015 (C.D. Cal. 2011) (emphasis in original). The Ninth Circuit has held:

> [T]he weight of authority and California's interest in managing its own judicial system counsel us not to import the doctrine of cross-jurisdictional tolling into California law. The rule of *American Pipe*—which allows tolling within the federal court system in federal question class actions—does not mandate cross-jurisdictional tolling as a matter of state procedure.

*Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008); *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1187 (9th Cir. 2009) (accord).

In *Centaur*, 878 F. Supp. 2d at 1015, the district court held plaintiffs were not entitled to *American Pipe* tolling based on an earlier case filed in the same district court—the Central District of California. *Id*. at 1016. The court held "cross-jurisdictional tolling . . . includes all situations where a class action is filed outside the California state court system, irrespective of whether the class claims are made under California law." *Id*. at 1017. In other words, California's bar on cross-jurisdictional tolling applies even both *Lemberg* Action and the instant action were brought in the same federal court. *See In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Lit.*, No. CV1706656ABFFMX, 2019 WL 6998668, at *4 (C.D. Cal. Sept. 5, 2019) (Birotte, J.) (finding *American Pipe* does not toll the statute of limitations for California state law claims where both cases brought in federal district court).

Even if Ponkey were entitled to *American Pipe* type tolling, she would be limited to the benefit of, at most, six months for LLR, Inc. and LuLaRoe, LLC, three months for claims made against the individual defendants, who were not named until the amended complaint, and none at all for Lennon Leasing, who was

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

never named in *Lemberg*. *Renati v. Wal-Mart Stores, Inc.*, No. 19-CV-02525-CRB, 2019 WL 5536206, at *13 (N.D. Cal. Oct. 25, 2019) (no *American Pipe* tolling for defendants not named in earlier action); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C 07-5944 SC, 2014 WL 1466833, at *3 (N.D. Cal. Mar. 13, 2014) (accord).

For purposes of this argument, the tolling period began as to LuLaRoe, LLC, and LLR, Inc. when the *Lemberg* Action was initiated on October 13, 2017 and as to Mark Stidham and DeAnne Brady when they were named on January 12, 2018. [RFJN, Ex. 2, 3.] The tolling periods ended on April 17, 2018 when this court ordered Lemberg to arbitration. *Lemberg*, 2018 WL 6927844, at *1; *Veliz v. Cintas Corp.*, No. C03-1180 SBA, 2007 WL 841776, at *7 (N.D. Cal. Mar. 20, 2007) (tolling period stopped once court ordered class representatives to arbitration); *Hemenway v. Peabody Coal Co.,* 159 F.3d 255, 266 (7th Cir. 1998) (tolling ends immediately after district court declines certification rather than after final judgment or appeal). By this court's order compelling the *Lemberg* putative class representatives to arbitration, putative members were on alert the *Lemberg* action would no longer exist as a class action in federal court.[6] Thus, even if *American Pipe* type tolling applied, Ponkey would have gotten the benefit of, at most, 186 days for LuLaRoe, LLC, and LLR, Inc. and 95 days for Stidham and Brady.

### 4.    Ponkey is not entitled to equitable tolling because she is not a California resident

Equitable tolling under California law is a judicially created doctrine that operates to suspend or extend a statute of limitations in order to ensure that a limitations period is not used to bar a claim unfairly. *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1185 (9th Cir. 2009). Even where *American Pipe* tolling is not

---

[6]    Although the arbitrator did not determine the action was not arbitrable as a class action until January 2, 2019, we could find no case holding that a putative class arbitration triggers *American Pipe* tolling. [RFJN, Ex. 4.]

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS CASE NO. 5:21-CV-00518-AB-SHK

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

permitted, *California* plaintiffs may be entitled to equitable tolling based on the filing of a prior class action. *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1185-86 (9th Cir. 2009). The Ninth Circuit has held that California would not allow non-residents to "take advantage of the state's tolling doctrine" to lengthen a limitations period. *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1189 (9th Cir. 2009). Ponkey is a resident of Michigan. [Comp., ¶ 12.] She is thus precluded from the benefit of equitable tolling under California law.

### E. This court lacks equitable jurisdiction to adjudicate Ponkey's claims under California's UCL and FAL

Where, as here, the plaintiff has an adequate remedy at law through the recovery of damages, this court lacks equitable jurisdiction to adjudicate a claim under the UCL, which provides only for equitable remedies. *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022); *see Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003) (UCL limited to equitable relief and precludes recovery of non-restitutionary disgorgement). The same rationale precludes this court's exercise of jurisdiction over the FAL claim, which likewise provides only equitable remedies. *In re Outlaw Lab'y, LLP*, 463 F. Supp. 3d 1068, 1088 (S.D. Cal. 2020), citing *Nationwide Biweekly Admin., Inc. v. Superior Court of Alameda Cty.*, 9 Cal.5th 279, 305–06, 321–27 (2020).

"[F]ederal courts must apply equitable principles derived from federal common law to claims" for equitable restitution under the UCL. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 837 (9th Cir. 2020). Under these principles, plaintiffs can seek equitable remedies only if they lack an adequate legal remedy such as damages. *See, e.g., id.* at 844 (affirming dismissal where plaintiffs had damages remedy). That is true even if the underlying claim providing a legal remedy is time-barred. *Guzman*, 49 F.4th at 1312. "Failure to comply with a remedy at law does not make it inadequate so as to require the district court to exercise its equitable jurisdiction." *Id.*, citing *United States v. Elias*, 921 F.2d 870,

874–75 (9th Cir. 1990).

Here, although now time-barred, Ponkey had an adequate legal remedy for damages under her remaining claims. Under the SAMP Act "[a]ny purchaser injured by a violation" of the act is entitled to "actual damages, plus reasonable attorney's fees and costs." Cal. Civ. Code § 1812.218. Corporations Code section 25501 provides for remedies that include rescission and damages. The ECL allows recovery of "all consideration paid pursuant to the scheme, less any amounts paid or consideration provided to the participant pursuant to the scheme." Cal. Civ. Code § 1689.2. Because Ponkey had an adequate remedy at law had she timely brought her action, this court lacks equitable jurisdiction over Ponkey's UCL and FAL claims. *Guzman*, 49 F.4th at 1312.

## VI.    **CONCLUSION**

This court should therefore grant Defendants' motion for judgment on the pleadings and dismiss the complaint without leave to amend.

Dated:  September 1, 2023                    SNELL & WILMER L.L.P.

By: */s/ Jing (Jenny) Hua*
     Steven T. Graham
     William S. O'Hare
     Elizabeth M. Weldon
     Jing (Jenny) Hua
Attorneys for Defendants LLR, Inc. (on behalf of itself and as survivor by merger with LuLaRoe, LLC), LuLaRoe, LLC (now merged into LLR, Inc.), Lennon Leasing, LLC, Mark Stidham and DeAnne Brady

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants LLR, Inc. (on behalf of itself and as survivor by merger with LuLaRoe, LLC), LuLaRoe, LLC (now merged into LLR, Inc.), Lennon Leasing, LLC, Mark Stidham and DeAnne Brady, certifies that this brief contains 6999 words, which complies with the word limit of L.R. 11-6.1.

Dated:  September 1, 2023                    SNELL & WILMER L.L.P.


By: /s/ Jing (Jenny) Hua
     Steven T. Graham
     William S. O'Hare
     Elizabeth M. Weldon
     Jing (Jenny) Hua
Attorneys for Defendants LLR, Inc. (on behalf of itself and as survivor by merger with LuLaRoe, LLC), LuLaRoe, LLC (now merged into LLR, Inc.), Lennon Leasing, LLC, Mark Stidham and DeAnne Brady